1

2

3

4

5

6

7

8

9

10

11

12

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

13

14       MARK LAWLEY,

15                    Plaintiff,

16            v.

17

18       CALIFORNIA DEPARTMENT OF
         DEVELOPMENTAL SERVICES,

19

20                    Defendant.

21

22

23

24

25

26

27

28

|  |  |
|---|---|
| ) | 1: 12 CV 01617 LJO  BAM |
| ) | |
| ) | SCHEDULING ORDER (Fed.R.Civ.P 16) |
| ) | |
| ) | Initial Disclosures: 2/1/2013 |
| ) | |
| ) | Discovery Deadlines: |
| ) |     Non Expert: 9/30/2013 |
| ) |     Expert: 12/6/2013 |
| ) | |
| ) | Non-Dispositive Motion Deadline: |
| ) |     Filing: 12/13/2013 |
| ) | |
| ) | Dispositive Motion Deadline: |
| ) |     Filing: 1/15/2014 |

Settlement Conference:
    9/5/2013, at 9:30 a.m.
    Courtroom 8

Pre-Trial Conference:
    4/9/2014, at 8:15 a.m.
    Courtroom 4

Jury Trial: 5/20/2014, at 8:30 a.m.
    Courtroom 4 (10-14 days)

1

**Date of Scheduling Conference**

January 10, 2013.[1]

I.     **Appearances of Counsel**

Robert Wasserman, Esq., appeared on behalf of Plaintiff.

Amy Lindsey-Doyle, Esq., appeared on behalf of Defendant.

III.    **Amendment to the Parties' Pleadings**

The parties do not anticipate any amendments to the pleadings at this time.  Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than 3/8/2013.  The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings by 3/8/2013, does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

IV.    **Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, U.S. Magistrate Judge.

V.     **Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ.

---

[1] The January 10, 2013, scheduling conference was held before U.S. Magistrate Judge Sheila K. Oberto, who was assigned to the case at that time.  The parties discussed that this matter was related to an earlier-filed case pending in this district, *Harrell v. Cal. Dep't of Developmental Servs.*, 1:11-cv-001127-LJO-BAM.  On January 11, 2013, this case was reassigned to U.S. Magistrate Judge Barbara A. McAuliffe; District Judge Lawrence J. O'Neill remains the presiding district judge.

1    P. 26(a)(1) on or before 2/1/2013.

2            The parties are ordered to complete all discovery pertaining to non-experts on or

3    before 9/30/2013, and all discovery pertaining to experts on or before 12/6/2013.

4            The parties are directed to disclose all expert witnesses, in writing, on or before

5    7/15/2013, and to disclose all rebuttal experts on or before 9/3/2013.  The written designation of

6    retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A),**

7    **(B) and (C) and shall include all information required thereunder.**  Failure to designate

8    experts in compliance with this order may result in the Court excluding the testimony or other

9    evidence offered through such experts that are not disclosed pursuant to this order.

10           The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery

11   relating to experts and their opinions.  Experts must be fully prepared to be examined on all

12   subjects and opinions included in the designation.  Failure to comply will result in the imposition

13   of sanctions, which may include striking the expert designation and preclusion of expert

14   testimony.

15           The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely

16   supplement disclosures and responses to discovery requests will be strictly enforced.

17       **VI.    Pre-Trial Motion Schedule**

18           All non-dispositive pre-trial motions, including any discovery motions, shall be

19   filed by no later than 4:00 p.m. on 12/13/2013, and heard on or before 1/10/2014.  Non-

20   dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A.

21   McAuliffe, United States Magistrate Judge in Courtroom 8.  **Counsel must comply with Local**

22   **Rule 251 with respect to discovery disputes or the motion will be denied without prejudice**

23   **and dropped from calendar.**  In scheduling such motions, the Magistrate Judge may grant

24   applications for an order shortening time pursuant to Local Rule 144(e).  However, if counsel

25   does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

26   In addition to filing a joint statement electronically, a copy of the joint statement shall also be

27

28                                    3

1  sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov.

2       The parties are advised that unless prior leave of the Court is obtained, all moving and

3  opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed

4  twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These

5  page limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to

6  be filed without leave, may not be considered by the Court.

7       Counsel may appear and argue motions by telephone, providing a written request to do so

8  is made to Judge McAuliffe's Clerk no later than five (5) court days before the noticed hearing

9  date.  In the event that more than one party requests to appear by telephone, it shall be the

10 obligation of the moving part(ies) to arrange and originate a conference call to the Court.  Prior to

11 filing a non-dispositive motion the parties are ORDERED to meet, in person or by telephone, and

12 confer to discuss the issues to be raised in the motion.

13      All dispositive pre-trial motions shall be filed no later than 1/15/2014, and heard

14 no later than 2/26/2014, in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States

15 District Court Judge.  In scheduling such motions, counsel shall comply with **Fed.R.Civ.P 56**

16 **and Local Rules 230 and 260**.

17                  **Motions for Summary Judgment or Summary Adjudication**

18      Prior to filing a motion for summary judgment or motion for summary

19 adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss

20 the issues to be raised in the motion.

21      The purpose of the meeting shall be to: 1) avoid filing motions for summary

22 judgment where a question of fact exists, 2) determine whether the respondent agrees that the

23 motion has merit in whole or in part, 3) discuss whether issues can be resolved without the

24 necessity of briefing, 4) narrow the issues for review by the court, 5) explore the possibility of

25 settlement before the parties incur the expense of briefing a summary judgment motion, and 6)

26 arrive at a joint statement of undisputed facts.

27

28                                 4

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to complying with the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts**.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

## VII.   Pre-Trial Conference Date

April 9, 2014, at 8:15 a.m. in Courtroom 4 before the Honorable Lawrence J.O'Neill, United States District Judge.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2).**  The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[2] format, directly to Judge O'Neill's chambers by email at LJOorders@caed.uscourts.gov.

The attention of counsel is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## VIII.   Trial Date

May 20, 2014, at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

A.      This is a Jury trial.

B.      Counsel's estimate of trial time: 10-14 days.

---

[2] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

C.  Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285 for preparation of trial briefs.

**IX.  Settlement Conference**

A Settlement Conference is scheduled for 9/5/2013, at 9:30 a.m. in Courtroom 8 before the Honorable Barbara A. McAuliffe, U.S. Magistrate Judge.  Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**No later than seven days prior to the settlement conference**, each party shall submit directly to Judge McAuliffe's chambers at bamorders@caed.uscourts.gov, a confidential settlement conference statement.  This statement should neither be filed with the clerk of the Court nor served on any other party.  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently.  Counsel are urged to request the return of their statements.  If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.  A brief statement of the facts of the case;

B.  A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C.  A summary of the proceedings to date;

D.  An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E.  The relief sought; and

F.  The party's position on settlement, **including the amount which the party will accept to settle, realistic settlement expectations**, present demands and offers,

1    and a history of past settlement discussions, offers, and demands.

2         This Court will vacate the settlement conference if the Court finds the settlement conference

3    will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in

4    advance of the settlement conference as possible, a party shall inform the Court and other parties that

5    it believes the case is not in a settlement posture so the Court may vacate or reset the settlement

6    conference. Otherwise the parties shall proceed with the settlement conference in good faith to

7    attempt to resolve all or part of the case.

8    **X.    Request for Bifurcation, Appointment of Special Master, or Other**

9         **Techniques to Shorten Trial**

10        Not applicable at this time.

11   **XI.    Related Matters Pending**

12        This case is related to pending case *Harrell v. Cal. Dep't of Developmental Servs.*,

13   1:11-cv-001127-LJO-BAM.

14   **XII.    Compliance with Federal Procedure**

15        All counsel are expected to familiarize themselves with the Federal Rules of Civil

16   Procedure and the Local Rules of Practice of the Eastern District of California, and to keep

17   abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it

18   is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow

19   the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of

20   Practice for the Eastern District of California.

21   **XIII.   Effect of this Order**

22        The foregoing order represents the best estimate of the court and counsel as to the

23   agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for

24   this case. If the parties determine at any time that the schedule outlined in this order cannot be

25   met, counsel are ordered to notify the court immediately of that fact so that adjustments may be

26   made, either by stipulation or by subsequent status conference.

27

28                                         7

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:    January 11, 2013                          /s/ Sheila K. Oberto                  **
UNITED STATES MAGISTRATE JUDGE