KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JILL H. TALLEY, State Bar No. 178207
Supervising Deputy Attorney General
AMY LINDSEY-DOYLE, State Bar No. 242205
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-0260
 Fax: (916) 324-5567
 E-mail: Amy.LindseyDoyle@doj.ca.gov
*Attorneys for Defendant*
*Department of Developmental Services*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| **MARK LAWLEY,** | 1:12-cv-01617-LJO-BAM |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| v. | Action Filed: July 13, 2012 |
| **CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES and DOES 1-100, inclusive,** | |
| Defendant. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order (hereinafter "Order"). The documents protected pursuant to this Order have not been made public and the disclosure of these documents would have the effect of causing harm.

2. The documents eligible for protection under this order include:

///

     A.    Medical information regarding a third party, including but not limited to patient medical records.  Production of such documents would violate a third party's right to privacy.

     B.    Confidential reports and investigations that would reveal the deliberations, communications made in regard to medical and mental health care provided to the patients and/or personnel records of peace officers and other employees.

     C.     A third party's personnel file or documents relating to the employment of third parties.  Production of such documents would violate a third party's right to privacy.

     D.    Department training materials regarding the operations of its facilities, which include intelligence training.  Production of such documents would compromise the safety and security of the facilities, employees and patients.

     3.    By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

     4.    Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL."

     5.    Documents designated as "confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

     6.    Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel). Confidential Material may be provided to any independent office services vendors or expert retained for consultation and/or trial.  In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order with the Confidential Material.

     7.    The Confidential Material produced pursuant to this Order will be redacted with respect to: (i) social security numbers; (ii) dates of birth; (iii) financial information (including financial account numbers); and (iv) in all circumstances when federal law requires redaction.

Each redaction must be identified by showing what information has been redacted (e.g., "social security number," etc.) This provision complies with Eastern District Local Rule 140.

8. If a party would like to use Confidential Material in Court filings, at least seven (7) days notice shall be given to all parties. All parties shall comply with the requirements of Eastern District Local Rule 141, in the event that a party would like Confidential Material to be sealed. In lieu of seeking a motion to seal, the parties may agree to redact identifying information relating to any patient and/or any third party peace officer. Such identifying information includes but is not limited to names, identification numbers, badge number, commitment number, or other information that would disclose the identity of a patient or peace officer.

9. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

10. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document.

11. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

12. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

13. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 (one hundred eighty) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

**IT IS SO STIPULATED.**

Dated:  May 7, 2013                                            MAYALL HURLEY P.C.

                                                               By: */s/ Robert Wasserman*

                                                               Robert Wasserman
                                                               *Attorneys for Plaintiff Mark Lawley*

Dated: May 7, 2013                                             OFFICE OF THE ATTORNEY GENERAL

                                                               By: */s/ Amy B. Lindsey-Doyle*

                                                               Amy B. Lindsey-Doyle
                                                               Deputy Attorney General
                                                               *Attorneys for Defendant Department of Developmental Services*

### **ORDER**

Having considered the stipulated protective order filed and signed by all parties on May 7, 2013, pursuant to Local Rule 141, the Court adopts the protective order in its entirety.

IT IS SO ORDERED.

Dated:   **May 9, 2013**                              /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE

4